No. 2659.—John A. Buckner *v.* E. H. Masters, Tax Collector.

The lien and privilege given by law on the lands in favor of the State and parish for the taxes, expires by two years from date of assessment.

Section sixty-three of the revenue law of 1869, which authorizes the tax collectors to seize and sell the property of defaulting taxpayer, and prohibits the courts from issuing any process interfering with tax collectors in the discharge of their duties, does not apply to taxes that were assessed and became due before the passage of the law. Acts of 189, p. 1569, sec. 63.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough,* J. *Sparrow & Montgomery* and *F. M. Goodrich,* for plaintiff and appellant. *E. H. Masters,* tax collector, in person, defendant and appellee.

Taliaferro, J. The plaintiff sued out a writ of injunction to restrain the defendant from selling two tracts of land for alleged arrearages of taxes against the property. The grounds stated by the plaintiff for this proceeding against the tax collector are, that the taxes

which the defendant is seeking to enforce the payment of by seizure and sale, are alleged to be for the years 1865 and 1866, when the lands in question belonged to the estate of Oliver J. Morgan ; that subsequently these lands, embracing two large plantations in the parish of Carroll, were sold at probate sale, under an order of court, on the nineteenth of January, 1869, and that the present plaintiff became the purchaser. He avers that no assessment had been made of the property for those years; and, further, that the lien and privilege of the State and parish on those lands for taxes was lost by the prescription of two years, or, rather, that the lien and privilege expired after two years. He further urged that the defendant was attempting to collect onerous and extortionate penalties unauthorized by law.

The district judge sustained the objection that the lien of the State was lost, and that the penalties set forth in the bill of taxes are illegal. He, however, held that under the revenue law of 1869, courts were expressly prohibited from granting injunctions, or otherwise interfering with State collectors in the discharge of their duties, in the collection of licenses and taxes under that law. The judgment of the lower court dissolved the injunction, and the plaintiff has appealed.

We think the provisions of the sixty-third section of the revenue law of 1869 do not apply to cases like the one before us. A fair interpretation of the language used warrants, in our view, a different construction from that which, it seems, was given to it by the judge a quo. The sixty-third section of the act approved ninth of March, 1869, provides: "That in case of refusal or neglect of property owners to pay their taxes, the tax collector shall, after twenty days notice in any city or corporate town, and thirty days in any parish, to the owner of the property assessed, his agent or attorney in fact, seize and sell any property, real or personal, rights or credits, belonging to such defaulting tax payer, without process of court; and all costs of such seizure and sale shall be borne by such defaulting taxpayer ; and all courts are prohibited and restrained from enjoining or otherwise interfering with tax collectors in the discharge of their duties in collecting licenses or taxes under this law." Acts of 1869, p. 159.

The purpose of the law seems to be to prevent captious and frivolous objections to the payment of taxes by the persons in whose names the assessments have been made, for this class of taxpayers are presumed to have had notice of the assessment, and of the time and place of the collection of taxes. It is against property owners who refuse to pay their taxes, after due notice of default, that the stringent provision of section sixty-three seems intended to apply. The terms " owner of the property assessed," " such defaulting taxpayer," used in that section of the act, plainly refer to the description of persons given in the beginning of the section sixty-three, viz: to "property owners who refuse to pay their taxes," etc. This language can scarcely be

taken to apply to taxes imposed on property when it belonged to prior owners, and especially where, as in the present case, it is clearly shown that no legal assessment had been made, and where the lien and privilege upon the property had become extinct, if it had ever validly existed.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the plaintiff perpetuating the injunction, and that the defendant pay costs in both courts.